**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-4107
_____


DOUGLAS G. KUNKLE,

Appellant.

v.

ANDREA NAUGLE, INDIVIDUALLY AND AS CLERK OF JUDICIAL RECORDS
FOR THE COUNTY OF LEHIGH (AKA CLERK OF COURTS OR
PROTHONOTARY); THE COUNTY OF LEHIGH; WILLIAM BERNDT,
INDIVIDUALLY AND AS COURT ADMINISTRATOR FOR LEHIGH COUNTY;
CAROL K. MCGINLEY, INDIVIDUALLY AND AS PRESIDENT JUDGE FOR THE
COURT OF COMMON PLEAS OF LEHIGH COUNTY


_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No.:  5-15-cv-00896)
District Judge:  Honorable Edward G. Smith
_____

Submitted Under Third Circuit LAR 34.1(a)
on July 12, 2016


(Filed: August 19, 2016)


Before:  SMITH, JORDAN and RENDELL, <u>Circuit Judges</u>.

————————

**O P I N I O N**[*]

————————

**RENDELL,** Circuit Judge,

Pro Se Appellant Douglas G. Kunkle, Esq. appeals the District Court's order dismissing his claim pursuant to Defendants' Rule 12(b)(6) motion. Kunkle raised a variety of claims against Defendants after they denied his application to participate in an electronic court filing ("e-filing") pilot program sponsored by the Court of Common Pleas of Lehigh County. The District Court dismissed the complaint on immunity and Article III standing grounds. For the reasons stated below, we will affirm the District Court's order.

## I.  Factual Background

This lawsuit arose from Kunkle's rejection from an e-filing pilot program sponsored by the Court of Common Pleas of Lehigh County. The pilot program allowed those accepted to electronically file civil legal documents before e-filing was available to the public in order to ensure the adequacy of the IT platform. Defendant President Judge McGinley, with assistance from Defendant Court Administrator Berndt and Defendant Prothonotary Naugle, announced the program in 2013. Judge McGinley stated that she would open the pilot program to select lawyers and firms, and that she would review applications and notify those accepted. After Kunkle applied for the pilot program,

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Defendant Berndt, as Court Administrator and on behalf of Judge McGinley, informed Kunkle that he had not been selected. Berndt stated that, although not all applicants were accepted, "hopefully the pilot will be successful so that it can be expanded quickly to all those filing civil actions." (App. Vol. II at 62).

Kunkle was quite vocal in airing his grievances regarding this rejection. At a Lehigh County commissioner meeting, Kunkle complained that "it just seems to me to be a very affront to equal protection of the law that one attorney can use the electronic filing system 24/7 while the other attorney has to hand file his." (App. Vol. II at 20). At the meeting, Defendant Berndt clarified that only a pilot program was currently in place. He spoke on behalf of President Judge McGinley, emphasizing that she worked meticulously on the IT platform and wanted to ensure that e-filing worked well before she opened it to the public. Kunkle also sent several emails to county officials demanding money damages for being rejected.

Kunkle later filed a complaint against four defendants—Judge McGinley, Andrea Naugle, and William Berndt individually and in their official capacities, and the County of Lehigh—and later an amended complaint in which he stated the following claims: Deprivation of Equal Privileges and Immunities to Court Access, First Amendment Retaliation and Deprivation of Right to Petition, Conspiracy to Deprive Equal Privileges and Immunities to Court Access (all under 42 U.S.C. § 1983 and § 1985); Dissolution of Home Rule Charter as Unduly Vague Pursuant to the First and Fourteenth Amendments of the United States Constitution; and violation of the Americans with Disabilities Act ("ADA"). Kunkle requested monetary damages in the amount of $1,000 for every day he

3

could not access the pilot program (638 days, by his calculation) and $150,000 for his First Amendment claim. Kunkle was granted full access to the e-filing system on March 16, 2015 when it was published on the Unified Judicial System Web Application Portal.

Defendants filed a motion to dismiss the claim for failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. Pro. 12(b)(6). The District Court granted the motion as to counts one and three on Eleventh Amendment immunity grounds, and for count two on the grounds that Kunkle failed to legally support the claim. It dismissed count four because Kunkle lacked Article III standing.

As the District Court noted, Kunkle's complaint was unclear, making the precise nature of the claims difficult to discern. The District Court addressed the claims as follows: claims under 42 U.S.C. § 1983, § 1985, and the Dissolution claim. The ADA claim was not appealed. We take guidance from the District Court and frame our discussion of Kunkle's claims in a similar manner.

## II.   Discussion[1]

### a.  42 U.S.C. § 1983 and § 1985 Claims

The District Court correctly relied upon Eleventh Amendment immunity to dismiss claims under 42 U.S.C. § 1983 and § 1985 against Defendants President Judge

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291. This court exercises plenary review over the granting of a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) for failing to state a claim upon which relief may be granted. *See Children's Seashore House v. Waldman*, 197 F.3d 654, 658 (3d Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, . . . that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

McGinley, Court Administrator Berndt, and Prothonotary Naugle in their personal and official capacities. First, the District Court properly dismissed the claims against the defendants in their official capacities because "[n]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Hafer v. Melo*, 502 U.S. 21, 26 (1991) (quoting *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989)). The same holds true for claims under 42 U.S.C. § 1985. *See Waits v. McGowan*, 516 F.2d 203, 205 (3d Cir. 1975).

Second, Defendants McGinley, Berndt and Naugle, in their individual capacities, are protected by qualified immunity. Qualified immunity protects "government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Kunkle claims that the defendants engaged in a conspiracy to deprive him of his Fourteenth Amendment rights by excluding him from the e-filing pilot program. However, we find no reason to believe that acceptance into an e-filing pilot program is a clearly established right of which a reasonable person would have been aware, so the defendants are entitled to protection through qualified immunity.[2]

---

[2] Further, Berndt and Naugle, as they were acting as Court Administrator and Prothonotary, respectively, are entitled to quasi-judicial immunity. *See Gallas v. Supreme Court of Pennsylvania,* 211 F.3d 760, 773 (3d Cir. 2000) ("[C]ourt personnel are entitled to absolute quasi-judicial immunity for their alleged acts . . . pursuant to the judge's instructions.") (quoting *Dellenbach v. Letsinger*, 889 F.2d 755, 763 (7th Cir.1989)).

Third, the County of Lehigh is not liable because the pilot program was not official municipal policy, which is required under *Monell v. Dep't of Soc. Servs. of City of New York*. 436 U.S. 658, 691 (1978) ("[T]he language of § 1983, read against the background of the same legislative history, compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort."); *see also Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-82 (1986) ("The fact that a particular official—even a policymaking official—has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion.").

For these reasons, Kunkle cannot bring these claims against Defendants McGinley, Berndt and Naugle in their official or individual capacities, or against the County of Lehigh.

### b. The Dissolution Claim

In this claim, Kunkle seeks dissolution of the County of Lehigh Home Rule Charter because it is unduly vague and "causes great confusion regarding the fundamental rights of its officers and citizenry." (App. Vol. II at 33). The District Court properly dismissed count four by finding that Kunkle does not have Article III standing. As the party invoking federal jurisdiction, Kunkle bears the burden of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). In *Lujan*, the Supreme Court held that such claims resting upon a "generalized grievance, [are]

inconsistent with the framework of Article III because the impact on [plaintiff] is plainly undifferentiated and common to all members of the public." 504 U.S. at 575 (internal quotation marks omitted) (quoting *United States v. Richardson*, 418 U.S. 166, 171, 176-77 (1974)). Kunkle does not allege that the Home Rule Charter directly injured him in any way, and the alleged general confusion is not sufficient to establish Article III standing. The District Court thus properly dismissed count four.

## III.   Conclusion

For the foregoing reasons, the District Court properly dismissed the complaint.